IN THE DISTRICT COURT OF CREEK COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK
SEP - 1 2020
TIME_____
Amanda VanOrsdol, COURT CLERK

AMANDA HINSHAW and ) 
DUSTIN HINSHAW, )
a married couple, ) Case No. 2020- 212
 )
      Plaintiffs, ) Honorable DOUGLAS W. GOLDEN
 )
vs. ) JURY TRIAL DEMANDED
 )
BHUPINDER PADDA, an individual, ) ATTORNEY'S LIEN CLAIMED
and DELTA LOGISTICS INC., a )
corporation, )
 )
      Defendants. )

### PETITION

COMES NOW the Plaintiffs, Amanda and Dustin Hinshaw, by and through their attorney of record, Gregory J. Denney, Esq. of GREGDENNEYLAW, PLLC, and for their causes of action against the Defendants, Bhupinder Padda and Delta Logistics Inc., would allege and state as follows:

#### I. JURISDICTION AND VENUE

1. Plaintiffs, Amanda Hinshaw, (hereinafter "Amanda") and Dustin Hinshaw, (hereinafter "Dustin") are, and were at all relevant times, residents of Creek County, State of Oklahoma.

2. Defendant Bhupinder Padda, (hereinafter "Padda") was, at the time of this incident, upon information and belief, a resident of Pierce County, Washington.

3. Defendant Delta Logistics Inc., (hereinafter "Delta") is a foreign corporation, operating and/or doing business in the State of Oklahoma.

4. The acts and/or omissions giving rise to this action occurred in Creek County, State of Oklahoma.

Exhibit 2

5. This Honorable Court therefore, has Jurisdiction and Venue over the party litigants named herein.

## II. FACTUAL ALLEGATIONS

6. On or about the 11th day of August 2020, Amanda was traveling Westbound on the Turner Turnpike, in Creek County, State of Oklahoma.

7. Amanda was struck by a semitruck driven by Padda. The semitruck was owned by Delta and Padda was an employee of Delta.

8. Said collision caused Amanda severe injuries and property damage.

9. Amanda and Dustin were, at the time of the accident, and remain a married couple.

## III. FIRST CAUSE OF ACTION: NEGLIGENCE (PADDA)

10. Plaintiffs adopt and re-allege paragraphs numbered 1-9 above and incorporate by reference the allegations contained therein.

11. Padda owed Amanda a duty of reasonable care in the operation and driving of the motor vehicle in this action.

12. Padda breached that duty when he did not use reasonable and ordinary care by failing to devote his full attention to traffic, thus causing the collision.

13. Amanda received severe injuries and property damage as a result of the collision. She had tremendous pain and suffering, incurred significant medical expenses, lost wages, property damage and incurred other losses.

14. Amanda suffered property damage to her vehicle and personal effects as a direct result of that breach, and should receive full market value for her loss.

15. The actions, inactions, and omissions of Padda were the direct and proximate cause of damages sustained by Amanda.

16. Plaintiff demands judgment against Defendant in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

### IV. SECOND CAUSE OF ACTION: RESPONDEAT SUPERIOR

17. Plaintiffs adopt and re-allege paragraphs numbered 1-16 above and incorporate by reference the allegations contained therein.

18. Padda was an employee of Delta and was acting within the scope of his employment at the time of the occurrence, therefore, the acts or omissions of said employee are in law, the acts or omissions of Delta.

19. All prior allegations herein are incorporated by reference in reference to Delta.

20. Plaintiff demands judgment against Defendant in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

### V. THIRD CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT (DELTA)

21. Plaintiffs adopt and re-allege paragraphs numbered 1-20 above and incorporate by reference the allegations contained therein.

22. Delta was the owner/provider of the vehicle driven by Padda.

23. Delta had a duty to use ordinary care to avoid lending it to Padda, whom Delta knows, or reasonably should know, is careless, reckless and/or incompetent to drive.

24. Delta breached that duty of care.

25. Amanda received severe injuries as a result of Delta's actions. She had, and still has, tremendous pain and suffering, incurred significant medical expenses, property damage, lost wages, and incurred other economic, consequential and actual losses.

26. Amanda suffered property damage to her vehicle and personal effects as a direct result of that breach, and should receive full market value for her loss.

27. The breach of Delta's duty was the direct and proximate cause of injuries sustained by Amanda.

28. Plaintiff demands judgment against Defendant in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

### VI. FOURTH CAUSE OF ACTION:  LOSS OF SPOUSAL CONSORTIUM

29. Plaintiffs adopt and re-allege paragraphs numbered 1-28 above and incorporate by reference the allegations contained therein.

30. Plaintiffs were husband and wife on August 11, 2020, and continue to be married.

31. As a direct cause of the acts or omissions complained of by Defendants, collectively and/or individually, Dustin was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of Dustin and Amanda's marital relationship.

32. That the Plaintiff demands judgment in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, in addition to his attorney's fees and costs.

### VII. FIFTH CAUSE OF ACTION:  PUNITIVE DAMAGES

33. Plaintiffs adopt and re-allege paragraphs numbered 1-32 above and incorporate by reference the allegations contained therein.

34. That the actions by the Defendants were willful and malicious, and resulted in actual damages to the Plaintiffs.

35. That the Defendants are liable for punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**WHEREFORE**, premises considered, Plaintiffs demand judgment against Defendants in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, punitive damages, attorney's fees, costs and for such other and further relief to which this Court deems Plaintiffs entitled under the circumstances.

Respectfully submitted,

_____
Gregory J. Denney, OBA No.17918
GREGDENNEYLAW, PLLC
1204 S. Cheyenne Ave.
Tulsa, OK 74119
(918) 295-0077 Telephone
(918) 295-8578 Facsimile
greg@gregdenneylaw.com
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2020, I delivered a true and correct copy of the above *Petition* by mailing via U.S. mail, postage pre-paid, and/or hand-delivery to the following:

The Creek County Court Clerk

Bhupinder Padda, Defendant
16115 23rd St.
Lake Tapps, WA 98391

Delta Logistics Inc., Defendant
15817 Del Obisbo Rd
Fontana, CA 92337

Amanda and Dustin Hinshaw, Plaintiffs

_____
Gregory J. Denney, Attorney for Plaintiffs