IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

AMANDA HINSHAW and )
DUSTIN HINSHAW, )
a married couple, )
 )
    Plaintiffs. )
 )
v. ) Case No. 4:20-CV-474-TCK-SH
 )
BHUPINDER PADDA, an individual, )
and DELTA LOGISTICS INC., a )
corporation )
 )
    Defendants. )

## **OPINION AND ORDER**

    This Court has for its consideration Defendants Bhupinder Padda and Delta Logistics Inc.'s Partial Motion to Dismiss (Motion). (Doc. 12). Defendants argue that the Plaintiffs Amanda and Dustin Hinshaw failed to state claims upon which relief can be granted. Specifically, Defendants argue that Plaintiffs failed to properly plead a claim that Delta negligently entrusted Mr. Padda with a semi-trailer truck. Defendants also argue that Plaintiffs failed to specifically plead punitive damages. For the reasons discussed below, the Court finds that the Motion should be granted in part and denied in part.

    **I.    BACKGROUND**

    This lawsuit arises out of an auto accident that took place on August 11, 2020, involving Ms. Hinshaw and Mr. Padda. (Doc. 2-2 at 2; Doc. 12 at 2). Before the accident, both drivers were traveling westbound on Interstate 44. (*Id*.). Amanda Hinshaw was driving her personal vehicle, while Mr. Padda was driving a semi-trailer truck owned by Delta. (Doc. 2-2 at 2; Doc. 8 at 4; Doc. 12 at 2). Plaintiffs originally filed suit against Mr. Padda and Delta in Oklahoma state court on September 1, 2020. (Doc. 2-2 at 1). Plaintiffs alleged five causes of action, including negligence,

1

respondeat superior, negligent entrustment, loss of spousal consortium, and punitive damages. (*Id*. at 2-5).

On September 23, 2020, Defendants removed the action to this Court. (Doc. 2). Defendants filed their Answer on September 30, 2020. (Doc. 8). After filing their Answer, Defendants filed their Motion asking the Court to dismiss Plaintiffs' negligent entrustment and punitive damages claims. (Doc. 12). Defendants argue that Plaintiffs failed to plead any facts "as to what Delta knew or should have known about Padda's driving ability that is the basis for its purported negligent entrustment of a motor vehicle to Padda." (Doc. 12 at 5). Thus, Defendants conclude, Plaintiffs' assertions are simply conclusory statements that are not factually supported. (*Id*.). Defendants further argue that Plaintiffs have failed to plead their punitive damages specifically, as required by Oklahoma law. (*Id*. at 6-7).

Plaintiffs responded to the Motion on October 8, 2020. (Doc. 15). In their Response, Plaintiffs argue that they have pleaded sufficient facts for both the negligent entrustment claim and for punitive damages. (*Id*. at 3-4). Specifically, Plaintiffs state that "Defendant Delta Logistics, as Defendant Padda's employer, has access to Padda's driving record. Defendant Delta Logistics was or should have been on notice of Defendant Padda's negative driving habits and/or inattentiveness." (*Id*. at 3). Regarding their prayer for punitive damages, Plaintiffs argue that "Padda's inattentiveness when operating a semi-truck is reckless given his knowledge of the vehicle." (*Id*. at 3-4). Plaintiffs also attached an Affidavit of Amanda Hinshaw to their Response, which included various facts about the accident that were not included in Plaintiffs' Petition. (Id. at 7-8). The Affidavit did not, however, include any allegations concerning Defendant Padda's driving record.

2

Defendants replied on October 22, 2020. (Doc. 16). They asserted that Plaintiffs alleged new facts in their Response and that these facts should not be considered by this Court.[1] (*Id.* at 1-3). Delta then reiterated its previous argument that Plaintiffs' allegations, both in their Petition and Response, were simply conclusory statements that are not factually supported. (*Id.* at 3-5).

## II. DISCUSSION

### A. Legal Standard

Although Defendants labeled their Motion as a motion to dismiss under Rule 12(b)(6), the Court will construe it as a motion for judgment on the pleadings under Rule 12(c) because Defendants filed their Answer before their Motion. *Borde v. Bd. of Cty. Comm'rs of Luna Cty., N.M.*, 514 F. App'x 795, 799 n.5 (10th Cir. 2013) ("If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings."). This conversion of Defendants' Motion will have no practical consequences as "[a] motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim upon which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (internal citations omitted). Although the traditional rule is that a court reviewing a 12(b)(6) motion should only consider the pleadings, "'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"

---

[1] The Court agrees. Plaintiffs' Affidavit attached to their Response will not be considered by this Court, as it is not referenced in the Petition and is not central to Plaintiffs' claim of negligent entrustment. *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

*Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal citations omitted). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 550. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 680.

## B. Negligent Entrustment

Under Oklahoma law, "[n]egligent entrustment requires proof that 'an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others.'" *Fox v. Mize*, 2018 OK 75, ¶ 9, 428 P.3d 314, 320, as corrected (Oct. 2, 2018) (quoting *Pierce v. Okla. Prop. & Cas. Ins. Co.*, 1995 OK 78, ¶ 17, 901 P.2d 819, 823). For instance, in *Fox*, a semi-trailer-truck driver and his employer were sued after the driver made an improper turn into oncoming traffic and caused the death of a motorcycle rider. *Id*., ¶ 1, 428 P.3d at 317. After the accident, the truck driver underwent a blood test which revealed a "prescription narcotic banned by the FMSCR at the time of the accident." *Id*., ¶ 1, 428 P.3d at 318. In bringing a negligent entrustment claim, the plaintiff alleged that the employer knew the driver "was taking the substance because it was prescribed to [the driver] as a result of an on-the-job injury he suffered for which he filed a workers' compensation claim against

4

[the employer]." *Id*. The Oklahoma Supreme Court concluded this was enough to survive a motion to dismiss. *Id*., ¶ 15, 428 P.3d at 322-23.

Comparatively, in *Conway v. Lone Star Trans., LLC*, Case No. 19-CV-658-CVE-FHM, 2020 WL 609750, at *1 (N.D. Okla. Feb. 7, 2020), the plaintiff alleged that a semi-trailer-truck driver made an "improper lane change and U-turn," which led to an accident. *Id*. The truck was owned by the driver's employer. *Id*. In bringing his negligent entrustment claim, the plaintiff alleged that the employer "carelessly and/or recklessly and/or unsafely, negligently entrusted possession of the [vehicle] to [d]efendant Dinsmore who was, at the time of the subject collision, an unsafe and/or untrained and/or inadequately trained person relative to the operation of the subject power unit." *Id*. at *2 (alternations in original) (citations omitted). The plaintiff also alleged that the driver violated his employer's "internal policies and procedures while operating his vehicle[,]" and that the employer "condoned this behavior." *Id*. The court concluded that these were mere legal conclusions because "[p]laintiff has not alleged facts that [the employer] knew or should have known that [the diver] was incompetent, careless, or reckless." *Id*. Thus, the court dismissed the plaintiff's negligent entrustment claim. *Id*.; *see also*, *Johnson v. Loutzenhiser*, Case No. CIV-20-704-D, 2020 WL 7327320 (W.D. Okla. Dec. 11, 2020) (same); *Taylor v. Kennesaw Trans. Inc.*, Case No. CIV-16-922-R, 2016 WL 6603252 (E.D. Okla. Nov. 8, 2016) (same).

The only factual allegations within Plaintiffs' Petition are as follows:

> 6. On or about the 11th day of August 2020, Amanda was traveling westbound on the Turner Turnpike, in Creek County, State of Oklahoma.
> 7. Amanda was struck by a semitruck driven by Padda. The Semitruck was owned by Delta and Padda was an employee of Delta.
> 8. Said collision caused Amanda severe injuries and property damage.
> 9. Amanda and Dustin were, at the time of the accident, and remain a married couple.

(Doc. 2-2 at 2). Plaintiffs then recited the necessary elements of their various claims. As for their negligent entrustment claim, Plaintiffs asserted the following:

> 22. Delta was the owner/provider of the vehicle driven by Padda.
> 23. Delta had a duty to use ordinary care to avoid lending it to Padda, whom Delta knows, or reasonably should know, is careless, reckless and/or incompetent to drive.

(*Id*. at 3).

From this, Plaintiffs allege, in their negligent entrustment cause of action section, that Delta owned/provided "the vehicle driven by Padda," and that Delta breached its "duty to use ordinary care to avoid lending it to Padda, whom Delta knows, or reasonably should know, is careless, reckless and/or incompetent to drive." (Doc. 2-2 at 3).

All of Plaintiffs' allegations regarding the negligent entrustment claim are a conclusory recitation of the elements. Consequently, they "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680 ("We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth."). While the Court's decision does not foreclose Plaintiffs' ability to amend its Complaint upon the discovery of facts relevant to a negligent entrustment claim, at this stage, "Plaintiff[s] ha[ve] not alleged facts that [Delta] knew or should have known that [Padda] was incompetent, careless, or reckless." *Conway*, 2020 WL 609750, at *2. Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiffs' negligent entrustment claim without prejudice.

### C. Punitive Damages

Defendants also ask this Court to dismiss Plaintiffs' prayer for punitive damages. Defendants cite Oklahoma's Pleading Code and assert that "[w]hen items of special damage are claimed, their nature shall be specifically stated." (Doc. 12 at 7 (quoting Okla. Stat. tit. 12, § 2009(G)). As an initial matter, a federal court sitting in diversity applies state substantive law

and federal procedural law, and "[i]f a federal rule of civil procedure answers the question in dispute, that rule governs" in federal court. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017). Here, Rule 9 answers the question at issue. Thus, the Court will apply the Federal Rules of Civil Procedure, and the cases interpreting them, rather than Okla. Stat. tit. 12, § 2009.

Rule 9 has the same specificity standard for special damages as does the Oklahoma Pleading Code. *See* Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated."). Importantly, though, Rule 9(g)'s requirement that special damages be "specifically stated" only requires that a plaintiff state that he is seeking punitive damages. *Rimes v. MVT Services, LLC*, Case No. 19-CV-282-CVE-JFJ, 2019 WL 4120816, at *2 (N.D. Okla. Aug. 29, 2019) ("Because plaintiff 'specifically state[s]' in his complaint that he is seeking punitive damages, the Court finds that it meets the requirements of Fed. R. Civ. P. 9(g)."). Here, Plaintiffs allege that "the Defendants' [actions] were willful and malicious," and "[t]hat the Defendants are liable for punitive damages." (Doc. 2-2 at 4-5). Thus, Plaintiffs have "specifically stated" that they are seeking punitive damages, thus satisfying Rule 9(g)'s requirement. And while Defendants urge the Court to dismiss Plaintiffs' prayer for punitive damages because "they do not specify what actions or conduct justify their request for punitive damages," (Doc. 12 at 7) the Court notes that Rule 9(g)'s requirement is distinguishable from Rule 9(b)'s requirement that allegations of fraud be stated with particularity. *Rimes*, 2019 WL 4120816, at *2 (citing cases). Thus, Plaintiffs have complied with Rule 9(g), and the Court denies Defendants' Motion as it relates to Plaintiffs' prayer for punitive damages.[2]

---

[2] The Court further notes that its grant of Defendants' Motion as it relates to Plaintiffs' negligent entrustment claim does not affect this analysis, as Delta could still be found liable for punitive damages under the doctrine of respondeat superior. *Bierman v. Aramark Refreshment Servs., Inc.*,

**IT IS THEREFORE ORDERED** that Defendants Bhupinder Padda and Delta Logistics Inc.'s Partial Motion to Dismiss (Doc. 12) is **granted** in part and **denied** in part. Defendants' Motion is **granted** as it relates to Plaintiffs' claim for negligent entrustment, and thus Plaintiffs' negligent entrustment claim is dismissed **without prejudice**. Defendants' Motion is **denied** as it relates to Plaintiffs' prayer for punitive damages.

**SO ORDERED** this 20th day of October, 2021.

TERENCE C. KERN
United States District Judge

---

2008 OK 29, ¶ 19, 198 P.3d 877, 884. ("Under Oklahoma law, an employer may be held vicariously liable for the punitive damages arising out of an employee's act if: 1) a master/servant relationship exists between the employer and employee; and 2) the act was committed while the employee was acting within the scope of employment.").